IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

TRUMAN LEON WOLERY,        )
                           )
       Petitioner,        )
                           )
vs.                        )   Case No. 04-CV-091-TCK-FHM
                           )
MICHAEL ADDISON,           )
                           )
       Respondent.        )

## ORDER

This is a 28 U.S.C. § 2254 habeas corpus action commenced by Petitioner, a state inmate appearing *pro se*. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 3). Petitioner filed a response to the motion to dismiss (Dkt. # 6). By Order filed February 8, 2005 (Dkt. # 8), the Court granted Petitioner's request to supplement the record with Blakely v. Washington, 542 U.S. 296 (2004), and agreed to consider the opinion, to the extent it is applicable, in resolving the pending issues. Respondent's motion to dismiss is premised on the allegation that Petitioner failed to file this petition for writ of habeas corpus within the one-year limitations period prescribed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons discussed below, the Court finds that the petition is untimely filed and Respondent's motion to dismiss shall be granted.

### *BACKGROUND*

The record reflects that on February 28, 2000, in Tulsa County District Court, Case No. CF-1999-4675, Petitioner entered pleas of *nolo contendere* to eleven (11) felony charges of engaging in sex with minors. See Dkt. # 4, Ex. 1. Petitioner was sentenced on May 15, 2000, to ten (10) years on Count 1, twenty (20) years on Counts 2, 3, 5, 7, 8, 9, and 10, and Life on Counts 4, 6, and 11.

Id. The sentences were ordered to be served concurrently, with the exception of the two (2) life sentences entered on Counts 4 and 6, which were ordered to be served consecutively. Id. Petitioner failed to withdraw his guilty pleas and did not perfect a *certiorari* appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Id.

More than three (3) years later, on August 22, 2003, Petitioner filed an application for post-conviction relief requesting an appeal out of time. See Dkt. # 4, Exs. 1 and 2. By order filed October 17, 2003, the state district court denied the application. See Dkt. # 4, Ex. 3. Petitioner appealed. By order filed January 8, 2004, in PC-2003-1219, the OCCA affirmed the denial of post-conviction relief, including the denial of an appeal out of time. See Dkt. # 4, Ex. 4.

Petitioner filed the instant federal petition for writ of habeas corpus on February 6, 2004. See Dkt. # 1. In the petition, Petitioner challenges his sentences entered in CF-1999-4675, and argues, as he did in his state application for post-conviction relief, that he was denied the effective assistance of counsel, and that he was sentenced in violation of due process and the prohibition against cruel and unusual punishment. Petitioner cites Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), in support of his sentencing claim. See Dkt. # 1. He has supplemented the record to argue application of Blakely v. Washington, 542 U.S. 296 (2004). See Dkt. #s 7 and 8.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 　　(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations. Because Petitioner failed to move to withdraw his pleas of *nolo contendere* and did not pursue a *certiorari* appeal, his convictions became final, pursuant to § 2244(d)(1)(A), ten (10) days after entry of his Judgment and Sentences, or on May 25, 2000. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of *nolo contendere* within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of *nolo contendere*). As a result, his one-year limitations clock began to run on May 25, 2000, and, absent a tolling event, a federal petition for writ of habeas corpus filed after May 25, 2001, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did seek any post-conviction relief during the one-year limitations period. Petitioner did not file his post-conviction application until August 22, 2003, or more than two (2) years beyond the one-year habeas deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding filed by Petitioner did not toll the limitations period in this case. Therefore, the habeas corpus petition, filed February 6, 2004, appears to be untimely.

In his reply to Respondent's response, Petitioner argues that the state courts failed to give proper consideration to his request for an appeal out of time "which should have removed the date created by the State's action." See Dkt. # 6 at 2-3. He also argues that his arguments could not have been formulated until the United States Supreme Court entered its decisions in Williams v. Taylor, 529 U.S. 362 (2000); Apprendi v. New Jersey, 530 U.S. 466 (2000); and Blakely v. Washington, 542 U.S. 296 (2004). See Dkt. #s 6 and 7.

The Court disagrees with Petitioner's arguments. First, the state courts denied his request for an appeal out of time. As a result, the date Petitioner's conviction became final was unaffected by the post-conviction proceeding and Petitioner is not entitled to statutory tolling of the limitations period. Next, as stated above, section 2244 delays the start of the limitations period only for newly recognized constitutional rights that are retroactively applicable. 28 U.S.C. § 2244(d)(1)(C). Consideration of Petitioner's claims that his sentences were somehow precluded by Williams, or

4

Apprendi and its progeny, including Blakely, is precluded because the Supreme Court's holdings in those case have not been made retroactively applicable to cases on collateral review. The Tenth Circuit Court of Appeals has refused to apply Apprendi or Blakely retroactively to cases on collateral review. United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely does not apply retroactively to convictions that were already final at the time Blakely issued); United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (finding that Apprendi is not retroactively applicable to habeas petitions). Because the Supreme Court's decisions in Apprendi and Blakely do not apply retroactively to cases on collateral review, they do not provide a basis for restarting Petitioner's one-year limitations period.

Aside from the recent Supreme Court decisions, Petitioner provides no explanation for the delay in filing this habeas corpus petition. Although the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner in this case has not identified, nor does the record suggest, any extraordinary circumstances that would justify equitable tolling of the one-year limitations period. Therefore, the Court concludes that the petition for writ of habeas corpus, filed February 6, 2004, is precluded by the statute of limitations.

*CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, Respondent's motion to dismiss time barred petition shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition as barred by the statute of limitations (Dkt. # 3) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

DATED THIS 30th day of October, 2006.

*/s/ Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE